FILED
John E. Triplett, Acting Clerk
United States District Court

By STaylor at 3:35 pm, Jul 28, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

JAMES H. HAWES,

        Petitioner,

    v.

STATE OF GEORGIA; and MICHAEL
NIALL,

        Respondents.

CIVIL ACTION NO.: 6:18-cv-48

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Hawes ("Hawes") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, challenging his 2007 Bulloch County, Georgia proceedings.  Doc. 1.  Respondents filed an Answer-Response and supporting exhibits.  Docs. 11, 13.  Hawes filed a Reply, and Respondents filed an Amended Answer-Response.  Docs. 16, 17.  For the reasons set forth below, I **RECOMMEND** the Court **DENY** Hawes' Petition, **DENY as moot** any pending Motions, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hawes *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND[1]

Hawes was indicted in the Bulloch County, Georgia Superior Court in May 2003 of enticing a child for indecent purposes (Count 1), statutory rape (Count 2), and contributing to the

---

[1]      Respondents submitted documents from Hawes' state court proceedings.  Docs. 13-1 to 13-13. There are some duplicative documents in this submission.  See, e.g., Doc. 13-1 at 8–12, 97–103, 105–11, 344–48, 351–55.  Additionally, Respondents inadvertently submitted documents relating to a case that has no bearing whatsoever on this case.  Id. at 34–35.

delinquency, unruliness, or deprivation of a minor (Count 3). Doc. 13-1 at 19. These charges stemmed from two encounters Hawes allegedly had with a minor, one in Georgia in November 2002 and a second with the same minor in South Carolina in December 2002. Id. at 20–21. Hawes entered a guilty plea on all three counts and was sentenced to the following: (1) Count 1, 60 to 90 days' confinement, five years' probation, a $2,500 fine, banishment from Bulloch County, and no contact with the victim; (2) Count 2, 60 to 90 days' confinement to be served concurrent with Count 1; and (3) Count 3, one year probation to be served concurrent with Count 1. Id. at 43–45. Hawes also agreed to drop a federal lawsuit he filed against the minor's parents. Id.

Hawes filed a post-conviction relief motion, alleging he received ineffective assistance of counsel because his guilty plea was entered under duress. Id. at 82. The state habeas court denied Hawes' motion, id. at 89, and Hawes filed an appeal with the Georgia Supreme Court. That court reversed the state habeas court's ruling, finding Hawes was not advised of his right not to testify, in violation of Boykin v. Alabama, 395 U.S. 238 (1969), and, consequently, Hawes' guilty plea was not knowingly and voluntarily entered. Id. at 97–98; Hawes v. State, 642 S.E.2d 92 (Ga. 2007).

Then, in November 2007, Hawes proceeded to trial in the Bulloch County Superior Court on all three counts, as originally charged. Hawes was found guilty on all three counts. On December 13, 2007, Hawes was sentenced to following: (1) Count 1, 15 years of imprisonment; (2) Count 2, 15 years of imprisonment; and (3) Count 3, 12 months of imprisonment on Count 3. Doc. 13-1 at 181. All three sentences were to be served concurrently. Id.

Hawes filed a motion for a new trial, arguing in relevant part that his sentence was improperly "enhanced" because he chose to go to trial.[2] Id. at 182, 223.  After a hearing on the motion, the Bulloch County court denied his motion.  Id. at 245.  Hawes filed a direct appeal regarding his conviction at trial and the denial of his motion for new trial, and the Georgia Court of Appeals affirmed the trial court's decisions.  Id. at 249, 252; Hawes v. State, 680 S.E.2d 513 (Ga. Ct. App. 2009).  The Georgia Court of Appeals found there was no absolute constitutional bar in imposing a more severe sentence on resentencing and that the court has repeatedly held there was no error when a trial judge imposed a greater sentence after hearing evidence at trial than might have been imposed with a guilty plea.  Hawes, 680 S.E.2d at 514.  The Georgia Court of Appeals determined each of Hawes' sentences—15 years of imprisonment on Count 1, 15 years of imprisonment on Count 2, and 12 months of imprisonment on Count 3—were within the statutory limits for those offenses and not invalid.  Hawes, 680 S.E.2d at 514 n.4.[3]

Hawes also challenged his convictions in a state habeas petition in the Superior Court of Coffee County, filed January 28, 2010.  Notice, Hawes v. Perry, 6:13-cv-1 (S.D. Ga. Apr. 4, 2013), ECF No. 10-1.  Hawes raised numerous grounds, including claims that his trial counsel provided ineffective assistance in failing to lay the foundation for the admission of an email related to the incident in December 2002 in South Carolina (the "January 2 email"), the trial court erred in not allowing Hawes to question the victim about an online journal entry, and that his appellate counsel provided ineffective assistance in failing to raise various errors by trial

---

[2]      Hawes uses "enhanced" to mean the sentence imposed after trial was higher than the sentence imposed after his earlier guilty plea.

[3]      Hawes also filed a motion for modification of his sentence, primarily concerning the computation of his sentence by the Georgia Department of Corrections.  Doc. 13-1 at 294.  The trial court denied his motion on September 5, 2012.  Id. at 308.  The motion for modification is not germane to issues now before the Court.

counsel and the trial court.  Id.  The state habeas court conducted an evidentiary hearing and denied Hawes' state habeas petition.  Id. at ECF No. 10-3.  The Georgia Supreme Court denied Hawes' application for a certificate of probable cause to appeal, as well as his motion for reconsideration of that denial.  Id. at ECF No. 10-4.

On January 3, 2013, Hawes filed a § 2254 petition in this Court, id. at ECF No. 1, raising many of the same grounds raised in the state habeas petition.  This Court initially denied Hawes' petition, deferring to the state habeas court's evaluation of Hawes' ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 688 (1984).  Id. at ECF Nos. 12, 20. However, the Eleventh Circuit Court of Appeals vacated in part and affirmed in part this Court's denial of the § 2254 petition.  Hawes v. Perry, 633 F. App'x 720, 725, 728 (11th Cir. 2015). Ultimately, the Eleventh Circuit determined that Hawes' trial and appellate counsel were deficient in their performance regarding the January 2 email, and their errors were prejudicial. Id.  Specifically, the Eleventh Circuit concluded the January 2 email "directly undercut" the evidence that the December 2002 meeting in South Carolina ever occurred and would have had a "strong impact" on the victim's credibility.  Id.  As a result, the Eleventh Circuit vacated Hawes' convictions for the December 2002 South Carolina encounter (Counts 1 and 3).  Id.  However, the Eleventh Circuit rejected all of Hawes' challenges to his conviction and sentence on the statutory rape charge arising from the November 2002 encounter in Georgia (Count 2).  Id. at 727, 728.

After the Eleventh Circuit vacated Hawes' convictions on Count 1 and Count 3, Hawes filed a state habeas corpus petition in Bulloch County Superior Court, asserting a sentencing error regarding the alleged "enhancement" of his sentence based on the exact reasons set forth in his motion to vacate the sentence.  Doc. 13-6 (filed Dec. 8, 2015).  The state habeas court denied

Hawes' petition as an improper vehicle to raise a sentencing claim.  Doc. 13-10 (dated May 26, 2016).  Hawes appealed this decision, and the Supreme Court of Georgia denied Hawes' application for a certificate of probable cause to appeal on March 5, 2018.  Doc. 13-11.

Also following the Eleventh Circuit's decision, Hawes filed a motion in his criminal case in the Bulloch County Superior Court asking that court to vacate, set aside, or correct his 15-year sentence on Count 2 in light of the Eleventh Circuit's vacatur of his convictions on Count 1 and Count 3.[4]  Doc. 13-1 at 310.  Hawes argued he had received a 15-year "enhanced" sentence on Count 2 based exclusively on the facts supporting Count 1 and Count 3 (namely, facts related to the December 2002 South Carolina encounter) and, because the Eleventh Circuit vacated his convictions on Count 1 and Count 3, "there is no justification for the enhancement."  Id.  As support, Hawes pointed to the portion of the sentencing hearing transcript where the court discussed its reasoning for imposing a higher sentence after trial than it had initially imposed following Hawes' guilty plea.[5]  Id.

The Bulloch County Superior Court denied Hawes' motion, explaining that "nothing in the record supports a finding that his sentence was enhanced due to the allegations contained solely in the two counts which were vacated."  Doc. 13-1 at 344–47.  Rather, "the record indicates that the sentence was based on the totality of the evidence presented at trial and at the sentencing hearing . . . ."  Id.  That court also concluded that any issues related to vindictiveness

---

[4]     Hawes was pursuing his state habeas petition and his motion to vacate in the criminal case at the same time.

[5]     This is the same portion of the sentencing hearing transcript the Georgia Court of Appeals cited when it determined there was no evidence the trial judge acted vindictively in sentencing Hawes following trial.  Hawes, 680 S.E.2d at 515.  The Georgia Court of Appeals explained this portion of the sentencing transcript showed there was "sufficient justification" to warrant an increase in Hawes' sentence.

arising under <u>North Carolina v. Pearce</u>, 395 U.S. 711 (1969), had already been decided adversely on appeal and could not be relitigated.

Hawes appealed the Bulloch County court ruling, but the Georgia Court of Appeals dismissed his appeal. Doc. 13-5. The Georgia Court of Appeals noted that a court considering a motion to vacate a sentence—like the one Hawes was pursuing—can only vacate the sentence if the sentence constituted a "punishment which the law does not allow, making the sentence void." <u>Id.</u> The court concluded Hawes' 15-year sentence on Count 2 was within the range of punishment proscribed under O.C.G.A. § 16-6-3(b), which calls for a sentence of 10 to 20 years if the defendant is over 21 years of age, and Hawes was in his 30s at the time of the offense; therefore, the sentence was not void.[6] Doc. 13-5. Indeed, the Georgia appellate court concluded that Hawes' claims did not present a colorable claim of voidness. <u>Id.</u> In addition, the Georgia appellate court determined that factors other than those implicated by the two vacated convictions influenced the trial court's decision to sentence Hawes to 15 years. <u>Id.</u> Accordingly, the Georgia Court of Appeals dismissed Hawes' appeal on February 8, 2017. <u>Id.</u> The Georgia Supreme Court denied Hawes a certificate of probable cause on March 5, 2018. Doc. 13-11 at 1.

Hawes filed this Petition on April 20, 2018, and it is now fully briefed and ripe for review.

---

[6]     Hawes states the Georgia appellate court cited to the wrong version of § 16-6-3(b) in effect in 2002, as the 2002 version of this statute called for a sentence of 1 to 20 years' imprisonment rather than the 10 to 20 years' imprisonment cited. Doc. 16 at 2. The version of § 16-6-3(b) that was in place when Hawes was originally indicted did carry a sentencing range of 1 to 20 years' imprisonment unless the offender was over 21 years of age, in which case the term of imprisonment was 10 to 20 years. O.C.G.A. § 16-6-3(b) (1996). This is the same range that would have been applicable to Hawes under the current version of that statute. § 16-6-3(b) (2006). Even if the Georgia Court of Appeals did cite the wrong version of this statute, any such error would have no bearing on his sentence. Whether the range was 1 to 20 years or 10 to 20 years in prison, Hawes' 15-year sentence fell within either range.

## DISCUSSION

Hawes is currently serving the probationary portion of his Bulloch County sentence in South Carolina.  In his Petition, Hawes again contends his sentence "was unlawfully enhanced" from 5 years' probation to 15 years' imprisonment, and the alleged enhancement should be reviewed anew in light of the Eleventh Circuit's vacatur of his two convictions on counts 1 and 3.  Doc. 1 at 5, 8.  According to Hawes, his sentence on Count 2 (statutory rape) was "enhanced" solely based of the facts giving rise to his vacated convictions on Count 1 (enticing a minor) and Count 3 (contributing to the delinquency of a minor), facts Hawes contends "painted a picture of a defiant person that ignored law enforcement warnings to stay away from the victim after being notified of her true age." Id. at 8.  Hawes also contends the Eleventh Circuit's vacatur of his convictions on Counts 1 and 3 can no longer serve as the basis for his enhanced sentence on Count 2.  Id. at 9.  Hawes asks this Court to vacate the 15-year sentence he received and reinstate the original 5-year probationary sentence.  Id. at 20.

Respondents argue Hawes' request is barred by Teague v. Lane, 489 U.S. 488 (1989).  Doc. 11 at 2.  Respondents assert the United States Supreme Court has not promulgated a procedural rule requiring a state to vacate an existing conviction or conduct new sentencing hearings on an existing conviction based on vacatur of other convictions from the same trial.  Id. Respondents also note the state courts' decisions on Hawes' due process claim are entitled to deference.  Doc. 11-1 at 9.  Hawes states the precedent Respondents cite is "flawed" and distinguishable from the case at hand.  Doc. 16 at 3.

## I.     Whether Teague Bars Hawes' Claims

Factually, Hawes argues his sentence was improperly "enhanced" based on the facts underlying the two convictions the Eleventh Circuit vacated.  Doc. 1 at 9.  Hawes is not clear

regarding the legal basis for his challenge to his 15-year sentence.  It appears, in construing

Hawes' Petition broadly and in his favor, Hawes' claim is one of due process, and that is how the

Court addresses his claim.

Respondents assert Teague v. Lane bars Hawes' claim because the Supreme Court "has

not promulgated a procedural rule requiring states to vacate existing conviction(s) or to conduct

new sentencing hearings on existing conviction(s) simply because other convictions arising from

the same trial were set aside, and this Court would have to extend current precedent or create a

new rule in order to grant relief."  Doc. 11 at 3; see also Doc. 11-1 at 10.

"Federal habeas corpus review 'serves to ensure that state convictions comport with

federal law that was established at the time petitioner's conviction became final.'"  Tharpe v.

Warden, 898 F.3d 1342, 1344 (11th Cir. 2018) (citations omitted).  "The Teague doctrine bars

retroactive application in a [collateral] proceeding of any new constitutional rule of criminal

procedure which had not been announced at the time the movant's conviction became final, with

two narrow exceptions."  McCoy v. United States, 266 F.3d 1245, 1255 (11th Cir. 2001).  These

two exceptions are: "(1) new substantive rules that place conduct beyond the reach of criminal

law or remove a class of defendants from a certain type of punishment; and (2) watershed

procedural rules implicating the fundamental fairness and accuracy of the proceeding such as the

holding in Gideon v. Wainwright, 372 U.S. 335 (1963), that a defendant charged with a serious

offense is entitled to legal representation."  Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1331

(11th Cir. 2019); Spaziano v. Singletary, 36 F.3d 1028, 1042 (11th Cir. 1994); Tharpe, 898 F.3d

at 1346.

Federal courts follow a three-step process in applying Teague.  Lambrix v. Singletary,

520 U.S. 518, 527 (1997).  "First, the court determines the date on which the conviction became

final." Id.  Second, the court "must [s]urve[y] the legal landscape as it then existed and determine whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution." Id.  "The Teague doctrine bars application of the legal rule forming the basis of the claim if that rule breaks new ground, imposes a new obligation on the States or Federal Government, or extends existing precedent by applying it in a novel setting." Chaidez v. United States, 568 U.S. 342, 347 (2013); Whorton v. Bockting, 549 U.S. 406, 416 (2007).  "Third, if the Teague bar applies after the first two steps, the court must determine whether the two narrow exceptions apply." Tharpe, 898 F.3d at 1344.

"This Court must perform a threshold Teague analysis before considering the merits of" Hawes' claims. Dean v. Bobbitt, No. CV 116-036, 2019 WL 6338019, at *8–9 (S.D. Ga. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6340377 (S.D. Ga. Nov. 26, 2019) (citing Beard v. Banks (Banks II), 542 U.S. 406, 412 (2004); and Horn v. Banks (Banks I), 536 U.S. 266, 271–72 (2002); and then Knight, 936 F.3d at 1333)); see also Hamm v. United States, 269 F.3d 1247, 1250 (11th Cir. 2001) ("[T]he Teague bar applies without regard to the merits of the underlying claim, or that doctrine would have no function and meaning.").  "That is because the Supreme Court's jurisprudence concerning the retroactivity of new rules of constitutional law is primarily concerned not with the question of whether a constitutional violation occurred, but with the availability or nonavailability of remedies." Knight, 936 F.3d at 1333 (internal quotation marks and citation omitted).  If a claim is Teague-barred, a court "may not offer an advisory opinion on whether the claim could have merit." Id. at 1334.

Here, Hawes' conviction for statutory rape was final in 2018 after the Georgia Court of Appeals affirmed the trial court's denial of Hawes' motion to vacate after the Eleventh Circuit

vacated his convictions on Counts 1 and 3 of the indictment and the Georgia Supreme Court denied his application for certificate of probable cause to appeal, and he did not file a motion for reconsideration of that denial.  See Lambrix, 520 U.S. at 527 (noting conviction final when petitioner's time for filing a petition for certiorari expired); Doc. 13-11.  The legal landscape regarding Hawes' claim of improper sentence enhancement was controlled by North Carolina v. Pearce and its progeny, which Hawes cited in support of his motion to vacate.  Doc. 13-1 at 312.

In Pearce, the Supreme Court considered what limit the Constitution imposes when a criminal defendant who asked that his conviction be set aside and has a new trial receives a harsher sentence on retrial.  395 U.S. at 713.  The Supreme Court determined neither double jeopardy nor equal protection "imposes an absolute bar to a more severe sentence upon reconviction."  Id. at 723.  However, the due process clause requires a court to ensure vindictiveness against a defendant for having successfully attacked his first conviction played no role in the sentence the defendant receives after a new trial.  Id. at 725.  To make sure this motivation is absent, the reasons a judge imposes a more severe sentence upon the new trial "must affirmatively appear."  Id. at 726.  The reasons "must be based on objective information concerning identifiable conduct on defendant's part occurring after the original sentencing proceeding."  Id.  These reasons must be part of the record.  Id.

In Texas v. McCullough, the Supreme Court noted a defendant can obtain relief if he can show actual vindictiveness occurred upon resentencing, but not every claim a defendant received a higher sentence on retrial carries the presumption of vindictiveness.[7]  475 U.S. 134, 138, 139 (1986).  And in Alabama v. Smith, the Supreme Court stated there is no presumption of

---

[7]     Hawes contends McCullough was erroneously applied in the denial order on his motion to vacate, modify, or correct sentence.  Doc. 1 at 10.

vindictiveness during resentencing when the imposed sentence is greater than that previously imposed after the entry of a guilty plea. 490 U.S. 794, 795 (1989).

In <u>Smith</u>, the same judge who accepted the defendant's plea presided over the trial, and the judge imposed a higher sentence upon resentencing because the evidence presented at trial, which was not known at the time the defendant entered a guilty plea, convinced the trial judge the original sentence was too lenient. <u>Id.</u> at 796–97. The Court stated, "[T]he evil <u>Pearce</u> sought to prevent was not the imposition of an enlarged sentence after new trial but vindictiveness of the sentencing judge." <u>Id.</u> at 799.

Hawes received benefit of these controlling Supreme Court decisions at the time his convictions were final. But nothing in these decisions mandates a state court revisit a defendant's sentencing proceedings in those situations where convictions resulting from the same trial, which were vacated for unrelated reasons, to determine whether the remaining sentence was a result of vindictiveness by the trial judge. Nor do these decisions mandate a state court reinstate the original sentence after entry of a guilty plea after a federal court vacates partial sentences after a trial, as Hawes requests this Court do. To do so would require this Court to extend existing precedent or create a new rule, and such actions are barred by <u>Teague</u>. Hawes presents no assertion or caselaw indicating the two "narrow exceptions" to the <u>Teague</u> bar apply, and the Court can discern no basis for either exception. Hawes' Petition should be denied on these grounds alone. However, the Court also considers Respondents' additional contention that the state courts' determinations on Hawes' claim are entitled to deference.

## II.    Whether the State Courts' Determinations are Entitled to Deference

Section 2254(d) of Title 28 of the United States Code sets forth the deference to be afforded to a State court's legal determinations:

     (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

          (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

          (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim.  Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law.  Id.  A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413 (O'Connor, J., concurring).  A state court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable.  Id. at 409 (O'Connor, J., concurring).  To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal

court; it "must be 'objectively unreasonable.'" <u>Knight</u>, 936 F.3d at 1331 (quoting <u>Virginia v. LeBlanc</u>, ___ U.S. ___, 137 S. Ct. 1726, 1728 (2017), in turn quoting <u>Woods v. Donald</u>, 575 U.S. 312, 316 (2015)); <u>see also</u> <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (explaining that "an unreasonable application is different from an incorrect one").

<u>Pearce</u> and its progeny were the clearly established law at the time the state courts were faced with Hawes' contention his sentence for statutory rape was "enhanced" based on two convictions the Eleventh Circuit vacated, in violation of his right to due process.  The Georgia Court of Appeals, on Hawes' appeal of his motion to vacate, found Hawes' 15-year sentence for statutory rape was within the statutory range of punishment under O.C.G.A. § 16-6-3(b).  Docs. 13-5, 13-13.  Under that statute, the range of punishment was 10 to 20 years' imprisonment if the defendant were over 21 years of age, and the court noted Hawes was in his 30s at the time of conviction.  <u>Id.</u>  The Georgia court also noted there were other factors than those implicated by the vacated sentences which influenced the trial judge's decision to sentence Hawes to 15 years in prison.  <u>Id.</u>  As to the issue of vindictiveness—which is the key inquiry under <u>Pearce</u>—the Georgia Court of Appeals noted on direct appeal after Hawes' trial that there is no absolute constitutional bar on imposing a more severe sentence upon resentencing.  <u>Hawes v. State</u>, 680 S.E.2d at 514.  And the appellate court stated it had "repeatedly held it is not error for a trial judge to impose a greater sentence after hearing evidence at trial than might have been imposed with a guilty plea."  <u>Id.</u>  This court continued by stating, "This is true because in the course of proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged."  <u>Id.</u> (internal citation omitted).  The Georgia court also stated Hawes' 15-year sentence was within the statutory limits and was not invalid, citing <u>Alabama v. Smith</u>.  <u>Hawes</u>, 680 S.E.2d

at 514 n.3.  In looking at the sentence imposed, the Georgia appellate court noted the trial judge's

finding, after noting he was not punishing Hawes for the successful exercise of his rights:

> Now we've had an opportunity to hear the evidence in the case when the case was
> actually tried.  It's unfortunate that you allowed yourself to get into this situation.
> As we all know, the evidence showed that you came to the state of Georgia after
> you came in contact with this child that was 14 years of age.  It appears from the
> evidence in the case that you not only were here one night, you were here two
> nights.

Id. at 515.[8]  The court concluded, "Sufficient justification existed to warrant the increase in

Hawes' sentence, and there is no evidence that the trial judge acted vindictively in sentencing

Hawes following the trial."  Id.

It appears the cited language from the Georgia Court of Appeals' decision speaks only to

the November 2002 encounter Hawes had with the minor occurring in Georgia.  These facts

underlie the trial judge's determination as to Hawes' sentence on Count 2 (the November 2002

encounter) and the appellate court's affirmance of this determination that Hawes' 15-year

sentence as to that encounter was within the statutorily permissible range, there was justification

for the increase in Hawes' sentence from his guilty plea and his trial, and there was no evidence

the trial judge acted vindictively in sentencing Hawes after he went to trial.  Hawes has not

shown the state courts unreasonably applied controlling, clearly established federal law in

denying his claims.  Hawes is not entitled to his requested relief, and the Court should **DENY** his

§ 2254 Petition.

## III.   Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Hawes leave to appeal *in forma pauperis* and deny him a

Certificate of Appealability.  Though Hawes has not yet filed a notice of appeal, it would be

---

[8]      This Court has intentionally omitted language regarding evidence the trial court used in
sentencing Hawes on Counts 1 and 3 (dealing with the December 2002, or second, encounter) since
Hawes' convictions on these two counts were vacated.

appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the

Rules Governing § 2254 Cases, "the district court <u>must</u> issue or deny a certificate of

appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u>

Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma

pauperis is not taken in good faith "before or after the notice of appeal is filed").

      An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is

not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this

context must be judged by an objective standard.  <u>Busch v. County of Volusia</u>, 189 F.R.D. 687,

691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v.

Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>,

314 F.3d 528, 531 (11th Cir. 2002); <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009

WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

      Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order

in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of

Appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of

the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>,

537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must

show "that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Hawes' Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Hawes *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Hawes' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, **DENY as moot** all pending Motions, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hawes leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28

U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of July, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA